IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE VICKI TRAN,<br><br>　　　　Debtor.<br>_____/<br>VICKI TRAN,<br>　　　　Appellant/Debtor,<br>　　v.<br>MARTHA BRONITSKY,<br>　　　　Appellee/Chap. 13 Trustee.<br>_____/ | No. C 10-03035 CW<br><br>ORDER DENYING APPELLEE'S MOTION TO DISMISS AND ESTABLISHING NEW BRIEFING SCHEDULE |

　　　Martha Bronitsky, Appellee/Chapter 13 Trustee, moves to dismiss this appeal pursuant to Federal Rules of Bankruptcy Procedure 8006, 8007 and 8009 for failure to perfect the record on appeal. Vicki Tran, Appellant/Debtor opposes the motion. Appellee has not filed a reply. The matter was taken under submission on the papers. Having considered all the papers filed by the parties, the Court denies the motion.

### DISCUSSION

　　　Federal Rules of Bankruptcy Procedure 8006 and 8007 address the procedure for designation and perfection of the record on appeal. Federal Rule of Bankruptcy Procedure 8006 provides that

any party designating a transcript of any proceeding as part of the record on appeal "shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost." Federal Rule of Bankruptcy Procedure 8007 provides, in relevant part, that, when the record is complete for purposes of appeal, the clerk shall transmit a copy to the clerk of the district court, who shall then enter the appeal in the docket and give notice to all parties of the date the appeal was docketed. Federal Rule of Bankruptcy Procedure 8009 provides, in relevant part, that the appellant shall serve and file a brief within fourteen days after entry of the appeal on the district court docket pursuant to Rule 8007.

    The facts are not in dispute. On July 5, 2010, Appellant filed her notice of appeal and designation of contents for inclusion in the record on appeal. Her designation of record included transcripts of hearings before the bankruptcy court. Appellant did not file a request for the transcripts of the bankruptcy court proceedings and filed her opening brief on September 29, 2010, before the record on appeal was perfected. On October 19, 2009, in lieu of filing a responsive brief, Appellee filed the instant motion to dismiss. Appellee requests that the appeal be dismissed for failure to perfect the record or, in the alternative, that Appellant's brief be declared void and that any time period for Appellee to file a responsive brief shall not begin running until the record has been perfected and Appellant has filed a brief in accordance with the Bankruptcy Rules.

1    Appellant argues that her counsel, who has little experience
2 with bankruptcy appeals, inadvertently overlooked submitting a
3 transcript order to the bankruptcy clerk, but has since done so.
4 Appellant requests that this oversight be excused and that the
5 Court deny Appellee's motion and establish a further briefing
6 schedule.

7    Although Appellant states that counsel has submitted a
8 transcript order to the bankruptcy clerk, the transcripts have not
9 yet been filed with this Court.  Appellant is to ensure that the
10 transcripts are filed promptly.

11   For good cause appearing, the Court denies the motion to
12 dismiss the appeal and the motion to declare Appellant's brief
13 void.  Appellee must serve and file her brief twenty-one days after
14 the date of this order, or after the transcripts have been filed,
15 whichever is later.  Appellant must file her reply brief fourteen
16 days after service of Appellee's brief.

18   IT IS SO ORDERED.

20 Dated: 12/13/2010

CLAUDIA WILKEN
United States District Judge

3