IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:                                  No. 10-03035 CW

VICKI TRAN,                       ORDER AFFIRMING
                                        DECISION AND
        Appellant.               ORDER OF
_____/      BANKRUPTCY COURT

    Appellant Vicki Tran, debtor in the underlying Chapter 13 bankruptcy case, files a limited appeal of the bankruptcy court's June 25, 2010 ruling dismissing her case based on bad faith. Appellee Martha G. Bronitsky, Chapter 13 Standing Trustee, argues that the bankruptcy court's Memorandum of Decision and Order of Dismissal should be affirmed. Appellant has filed a reply.[1] Having considered all of the papers filed by the parties, the Court AFFIRMS the order of the bankruptcy court.

BACKGROUND

    On March 3, 2009, Appellant filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Northern District of California. On June 2, 2009, Appellant received a

---

[1] The Court's December 13, 2010 Order Establishing New Briefing Schedule required Appellant to file her reply within fourteen days after service of Appellee's brief. Appellant filed her reply forty-four days after Appellee filed her brief. In the interests of justice, the Court will consider the late-filed reply.

general discharge in that case.  On January 17, 2010, Appellant filed for Chapter 13 bankruptcy relief in the same bankruptcy court.

Appellant's bankruptcy schedules show that, at the time she filed her Chapter 13 petition, she had no general unsecured debts and no priority debts.  She owned a residence in Newark, California valued at $434,000 which was subject to a first deed of trust in favor of Washington Mutual Bank (WAMU) securing a debt in the amount of $459,991, and a second deed of trust in favor of WAMU securing a debt in the amount of $80,900.  As of the date of the petition, the first deed of trust was under-secured by $25,991 and the second deed of trust was wholly unsecured.  Appellant also owned another parcel of real property in San Jose, California that was over-encumbered, and a motor vehicle valued at $13,000 subject to a security interest that secured a debt in the amount of $6,000.

On February 16, 2010, Appellant filed a Chapter 13 Plan and, on June 8, 2010, she filed a First Amended Chapter 13 Plan. Appellant listed the following creditors as holding secured claims: WAMU for two delinquent payments on the first mortgage on her residence, the Alameda County Tax Collector for delinquent property taxes on her residence, and VW Credit for the $6,000 loan on her vehicle.  The plan proposed that Appellant would make sixty monthly payments of $375, which would cure the two delinquent payments on the first deed of trust, cure the delinquent real property taxes and pay the fees of the Chapter 13 Trustee and Appellant's counsel. No payments would be made to general unsecured creditors.  In an attachment to the plan, Appellant stated that she would file a

2

motion to strip[2] the second lien on her principal residence and re-classify it as an unsecured non-priority claim. Appellant filed such a motion and, on June 8, 2010, obtained an order valuing the second lien as wholly unsecured. Appellee's Appendix (App.), Ex. 6.

On April 7, 2010, the Chapter 13 Trustee objected to Appellant's plan on the ground that it was improper to strip a wholly unsecured junior lien when Appellant was not eligible for a discharge.[3] Appellant filed an opposition and, on June 14, 2010, the bankruptcy court held a hearing on the Chapter 13 Trustee's objection to confirmation.

At the confirmation hearing, the following colloquy took place between the bankruptcy court and Appellant's attorney:

| | |
|---|---|
| Court: | Apart from the lien-strip issue, is there any purpose to this Chapter 13 other than just stripping off the lien? |
| Atty: | The petition was filed to, at the time, stop--the Debtor also owned a condominium, and that was set for Trustee's sale. The Debtor has since decided not to retain that property. |
| Court: | So, why are we here other than just to lien-strip? |
| Atty: | The primary focus is a lien strip, Your Honor. That is correct. |
| Court: | So isn't this just subverting Chapter 7? I mean, in |

---

[2] As explained below, 11 U.S.C. § 506(d) allows a secured claim to be "stripped" of its status as a secured claim to the extent that the amount of the claim exceeds the value of the property to which it attaches plus the amount of any senior liens.

[3] Appellant conceded in the Chapter 13 bankruptcy proceedings and in this appeal that, because she filed her Chapter 13 petition less than four years after receiving her discharge in the prior Chapter 7 case, she is not eligible for a discharge in her Chapter 13 case pursuant to 11 U.S.C. § 1328(f)(1).

3

```
                    Chapter 7, the Debtor couldn't strip off the lien.
                    So, isn't this just a disguised 7, the purpose of
                    which is to avoid the Dewsnup holding?

     Atty:          That's not my position, Your Honor.  I mean, the
                    Debtor --

     Court:         I know it's not your position, but tell me why this
                    isn't just a Chapter 7 case with a lien-strip
                    opportunity, from the Debtor's standpoint.

     Atty:          Well, Your Honor, the Debtor could have filed a
                    Chapter 13 and made a zero percent distribution to
                    unsecured creditors and had the same result.

     Court:         No.  I would--I mean, if the only reason for a 13 is
                    to lien-strip off a lien, I've held that it's not a
                    valid 13.  I mean, unsecureds getting nothing, no
                    assets to save, just want to be in 13 to avoid
                    Dewsnup.  All right.

     Atty:          Okay.

     Court:         All right.  Anything else?

     Trustee:       No, Your Honor.

     Atty:          No, Your Honor.

     Court:         All right.  I'll take this under submission, but
                    probably the likely holding is to deny confirmation
                    of this plan.
```

Transcript of June 14, 2010 Hearing (TR) at 5-6.

In the bankruptcy court's June 25, 2010 Memorandum of Decision, it overruled the Chapter 13 Trustee's objection, but dismissed Appellant's case pursuant to 11 U.S.C. § 1307(c) on the grounds that the case was filed in bad faith. On the same date, the bankruptcy court filed an order dismissing Appellant's case.

Appellant filed a timely notice of appeal, objecting on the following grounds to the dismissal of her case: (1) she was not provided notice or an opportunity for a hearing on the issue of bad faith because it was not the basis of the Chapter 13 Trustee's

4

objection and was not before the bankruptcy court at the June 14, 2010 confirmation hearing; and (2) had a bad faith objection properly been before the bankruptcy court, she would have presented significant evidence establishing that she had filed her plan in good faith and was entitled to strip an unsecured lien.  The Chapter 13 Trustee filed a responsive brief in which she argues that (1) the bankruptcy court had authority to dismiss the case for bad faith even though there was no objection or motion addressing that issue and (2) the bankruptcy court's dismissal based on bad faith should be affirmed because Appellant had no legitimate Chapter 13 purpose.  The Chapter 13 Trustee does not appeal the bankruptcy court's decision to overrule her objection that Appellant cannot strip an unsecured junior lien because she is not eligible for a discharge.

JURISDICTION AND STANDARD OF REVIEW

The district court has jurisdiction over this appeal under 28 U.S.C. § 158(a).  The district court reviews the bankruptcy court's conclusions of law de novo and its findings of fact under the clearly erroneous standard.  Fed. R. Bankr. 8013; In re Wagner, 839 F.2d 533, 536 (9th Cir. 1988).

DISCUSSION

I. Bankruptcy Court's Sua Sponte Dismissal

At the June 14, 2010 hearing, the bankruptcy court indicated that it was concerned that Appellant's Chapter 13 case was "not valid" because its purpose was solely to strip the junior lien. See TR at 6.  Despite this notice of the bankruptcy court's concern about the bad faith of Appellant's case, she did not seek to

5

present any further evidence or argument on this issue. Therefore, Appellant received notice and had an opportunity to respond.

Furthermore, bankruptcy courts have an obligation, regardless of whether there is an objection, to ensure that all requirements of 11 U.S.C. § 1325(a) are fulfilled before confirming a Chapter 13 plan. Espinosa v. United Student Aid Funds, Inc., 130 S. Ct. 1367, 1380-81 (2010) (failure to comply with Bankruptcy Code's requirement for Chapter 13 plan prevents confirmation, even if creditor fails to object). Also, under 11 U.S.C. § 105(a), a bankruptcy court is empowered sua sponte to issue any order or judgment that is necessary to carry out the provisions of the Bankruptcy Code, including dismissing a case. In re Tenant, 318 B.R. 860, 869 (9th Cir. B.A.P. 2004) ("Section 105(a) makes 'crystal clear' the court's power to act sua sponte where no party in interest or the United States trustee has filed a motion to dismiss a bankruptcy case.").

Accordingly, the bankruptcy court was empowered to dismiss Appellant's case sua sponte for failure to comply with the Bankruptcy Code.

II. Legitimate Chapter 13 Purpose

A. Good Faith Requirement

Chapter 13 was enacted to enable debtors to develop and perform under a plan for the repayment of debts over a period of time. In re Warren, 89 B.R. 87, 92 (9th Cir. B.A.P. 1988). Developing a repayment plan under Chapter 13, as opposed to liquidating all assets under Chapter 7, permits debtors to protect their assets. Id. Chapter 13 provides a broader discharge than

6

does Chapter 7, premised upon the willingness of the debtor to repay at least some portion of his or her debts. Id.

Under 11 U.S.C. § 1325(a)(3) and (7), a Chapter 13 plan may be confirmed only if it has been proposed in good faith. Good faith is a discrete and paramount test which must be passed before the debtor's plan may proceed to confirmation. Id. at 94. Under 11 U.S.C. § 1307(c), the court may dismiss a case for "cause," which includes bad faith. In re Eisen, 14 F.3d 469, 470 (9th Cir. 1994). Bad faith is determined by the totality of the circumstances. Id. This includes: (1) whether the debtor misrepresented facts in the petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed the petition or plan in an inequitable manner; (2) the debtor's history of filings and dismissals; and (3) egregious behavior. In re Leavitt, 171 F.3d 1219, 1224 (9th Cir. 1999). Other factors to consider are (1) the amount of the proposed payments and the amount of the debtor's surplus; (2) the debtor's employment history, ability to earn, and likelihood of future increases in income; (3) the probable duration of the plan; (4) the extent of preferential treatment between classes of creditors; (5) the type of debt to be discharged and whether such debt is nondischargeable in Chapter 7; (6) special circumstances such as inordinate medical expenses; (7) the extent to which secured claims are modified; (8) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and (9) the burden the plan's administration would place on the Chapter 13 trustee. Warren, 89 B.R. at 93.

Because Chapter 13 was enacted to provide an incentive for the

7

debtor to commit to a repayment plan as an alternative to liquidation under Chapter 7, a court should not confirm a Chapter 13 plan that is, in essence, a veiled Chapter 7 case. Id. at 95. Nominal repayment is evidence that the debtor is unfairly manipulating Chapter 13 and, thus, acting in bad faith. In re Goeb, 675 F.2d 1386, 1391 (9th Cir. 1982).

B. Lien-Stripping

In bankruptcy, title 11 U.S.C. § 506(a) provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim . . .

Thus, the claim's status as secured and the amount of the secured claim depends upon the value of the property to which the lien attaches, and the amount of any senior liens. If a lien does not attach to any value, it is void by operation of 11 U.S.C. § 506(d) ("To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void"). However, in a Chapter 7 case, a debtor may not void all or any portion of a lien on real property under 11 U.S.C. § 506(d), even if it is partially or wholly unsecured. Dewsnup v. Timm, 502 U.S. 410, 417 (1992). Dewsnup is inapplicable in Chapter 13 cases. In re Enewally, 368 F.3d 1165, 1170 (9th Cir. 2004); In re Zimmer, 313 F.3d 1220, 1227 (9th Cir. 2002). Thus, a Chapter 13 debtor, but not a Chapter 7 debtor, may utilize 11 U.S.C. § 506(a) and (d) to strip off a lien on the debtor's residence, if the lien is completely unsecured based on the value of the residence and the

8

amount of any senior lien.

C. Analysis

In its memorandum decision, the bankruptcy court noted that Appellant did not have any tax debts or other pre-petition unsecured priority claims to be paid, that her balance sheet showed that she was solvent and that her monthly income was more than her monthly expenses.  Thus, Appellant's plan did not return a meaningful dividend to general unsecured creditors.  The court concluded that

> the totality of the circumstances shows that Tran filed this chapter 13 case solely for purposes of avoiding the second deed of trust under circumstances where such avoidance was not available in her chapter 7, and where no independent reason exists for her subsequent chapter 13 filing. . . .
>
> . . . [T]his case, as a chapter 13 case, is nothing other than an attempt by Tran to unfairly manipulate the Bankruptcy Code to skirt the Supreme Court's holding in Dewsnup, and thus, was not filed in good faith.  It is also clear that this case is of absolutely no benefit to Tran's remaining creditors.  It follows that dismissal pursuant to § 1307(a) is in order, and is the remedy that would be in the best interest of Tran's creditors and the estate.

June 25, 2010 Decision at 14-15.

Appellant's response is based primarily on the fact that some of the good faith factors weigh in her favor.  For instance, she points out that she has a good employment history, she has the ability to make her Chapter 13 payments, the plan is expected to last only thirty-six months, her financial statements are accurate, there is no preferential treatment among different classes of creditors, and she has only filed one previous bankruptcy petition. Appellant also argues that she sought Chapter 13 relief in good

9

faith because the extensive arrearages on her residence could not be cured through a loan modification, although she sought one. Appellant concludes that "attempting to exercise her legal rights to avail herself of the lien-stripping (even if this was the primary purpose of the Chapter 13 case) does not in and of itself authorize dismissal on bad faith grounds."

Appellant thus essentially concedes that the main reason she filed her Chapter 13 petition was to strip the second deed of trust. The good faith factors she relies upon pale in light of the fact that she had an improper reason for filing a Chapter 13 case, and no proper reason. She proffers no evidence or argument that were not presented to the bankruptcy court.

Appellant filed a Chapter 7 case to discharge her general unsecured debts. Six months after the discharge, she filed this Chapter 13 case to avoid a lien that could not, under Dewsnup, be avoided in her Chapter 7 case. In her Chapter 13 plan, she offered no payments to unsecured creditors, because the only remaining unsecured creditor is the holder of the lien she wishes to avoid. Appellant wishes to partake of the benefits provided under both Chapters 7 and 13 by first discharging all debts in Chapter 7 and then discharging the one remaining unsecured debt in Chapter 13, without providing any benefit to any unsecured creditors. Contrary to Appellant's argument, she is not like other Chapter 13 debtors who properly may strip their undersecured liens because they are receiving the benefit of the lien-stripping statute while they are repaying their unsecured creditors. See Warren, 89 B.R. at 92 (certain discharges available in Chapter 13 are not available

in Chapter 7 as incentive for Chapter 13 debtors to perform under Chapter 13 plan; congressional policy supporting Chapter 13 was to enable individuals to develop and perform under a plan for repayment of debts over an extended period).

Considering the totality of these circumstances, the Court affirms the bankruptcy court's conclusion that Appellant's Chapter 13 case is an attempt unfairly to manipulate the Bankruptcy Code to evade the holding in <u>Dewsnup</u> and, thus, was not filed in good faith.

## CONCLUSION

For the foregoing reasons, the Court affirms the decision and the order of the bankruptcy court.

IT IS SO ORDERED.

Dated: 8/31/2011

CLAUDIA WILKEN
United States District Judge